**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

———————————————————
GIACOMO GALLINA,                                :
                                                :
               Petitioner,       :   Civil Action No. 11-5357 (JAP)
                                                :
  v.                                            :
                                                :   **OPINION**
                                                :
U.S. DEPT. OF JUSTICE EXECUTIVE                 :
OFFICE FOR IMMIGRATION REVIEW,                  :
                                                :
               Respondent.       :
———————————————————

**APPEARANCES:**

**GIACOMO GALLINA**, Petitioner pro se
38 Indian Spring Road
E. Longmeadow, M.A. 01028

**JOHN J.W. INKELES**, Counsel for Respondent
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
450 5th Street NW
Washington, D.C. 20001

**PISANO, District Judge:**

      This matter comes before the Court upon Respondent United States Department of Justice Executive Office for Immigration Review ("Respondent")'s motion to dismiss Giacomo Gallina ("Petitioner")'s petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [docket No. 16]. Petitioner has not filed opposition to the motion. For the reasons set forth below, petition will be dismissed without prejudice.

**I. BACKGROUND**

This is an immigration matter in which Petitioner has filed a Petition for Judicial Declaration of Nationality, arguing that he cannot be removed from the United States because he is a "national". Petitioner was born in Italy and came to the United States with his wife in 1986. (Pet. 1.) On October 2, 1996, Petitioner submitted a naturalization application with the former Immigration and Naturalization Service ("INS"). (Pet., Ex. A.) On July 18, 1997, Petitioner pled guilty to money laundering in violation of 18 U.S.C. § 1956(h) and conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846. *U.S. v. Gallina*, Crim. Action No. 97-209 (AJL); *U.S. v. Gallina*, Crim. Action No. 97-203 (JAP). Petitioner was sentenced to 210 months on each charge, to be served concurrently. *Id.* Due to his incarceration, Petitioner states that he was unable to be sworn in on August 18, 1997. (Pet. 2.)

On April 2, 1998, INS administratively closed Petitioner's naturalization application after he failed to appear on two occasions. (Pet., Ex. C.) On or about September 12, 2008, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner by filing a Notice to Appear ("NTA") with the Immigration Court. (Resp't's Br., Decl. of John J. W. Inkeles ("Inkeles Decl."), Ex. F, Notice to Appear.) The NTA contained the following allegations: (i) Petitioner is not a citizen or "national" of the United States; (ii) Petitioner is a native and citizen of Italy; (iii) Petitioner was admitted to the United States as an immigrant on or about February 1, 1990; (iv) Petitioner was convicted in the District of New Jersey of conspiracy to distribute and possess with intent to distribute narcotics; and (v) he was sentenced to 210 months in prison. (*Id.*) Petitioner was charged with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), based on his convictions. (*Id.*) On September 26, 2008, Petitioner admitted the allegations in the NTA and conceded removability. (*Id.* at Ex. G, Pet'r's Stipulated Request

For Order/Waiver Of Hearing Pursuant to 8 C.F.R. § 3.25(b).)  Petitioner agreed to waive any appeal of the removal order.  (*Id.*)  Based on that waiver, on October 2, 2008, an immigration judge ordered that Petitioner be removed from the United States to Italy.  (*Id.* at Ex. H, Final Order of Removal.)

On or about September 2, 2011, Petitioner filed the instant petition.  (ECF No. 1.)  He argues that pursuant to 8 U.S.C. § 1503(a), if a person claims the rights or privileges of a national and is denied said rights, the person may institute an action declaring him to be a national.  Petitioner argues that he applied for citizenship and as such, he is a national; and because he is a national, he cannot be deported.  He is seeking an order declaring him to be a national of the United States.  In its motion to dismiss, Respondent argues that the Court should dismiss the petition for lack of subject matter jurisdiction because Petitioner's naturalization application has not been denied and for failure to state a claim because Petitioner is not a national of the United States.  Petitioner did not file a reply or otherwise respond to the motion to dismiss.

**II.  DISCUSSION**

8 U.S.C. § 1503(a) states in full:

If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

Based on the language contained within the statute itself, "a final administrative denial of a claim or right or privilege as a United States National is a prerequisite for maintaining a § 1503(a) action."  *Whitehead v. Haig*, 794 F.2d 115, 119 (3d Cir. 1986).  Here, as properly argued by Respondents, Petitioner's application for naturalization has not been denied; rather, it was administratively closed when Petitioner failed to make his appearances.  Moreover, in his waiver of hearing in his removal proceedings, Petitioner expressly conceded the allegations contained in the Notice to Appear, which included the allegation that Petition is not a national of the United States.  (Resp't's Br., Inkeles Decl., Exs. F-G.)  Therefore, since there is no "final administrative denial" of Petitioner's naturalization application, this Court lacks subject matter jurisdiction over Petitioner's request under § 1503.[1]

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed without prejudice and Respondent's motion to dismiss is granted.  An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: April 10, 2013

---

[1] To the extent Petitioner is attempting to challenge the final order of removal entered against him by relying on his alleged naturalized status, the Court notes that the explicit language of the § 1503(a) states that "no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding."  Further, pursuant to the REAL ID Act, this Court lacks jurisdiction over a challenge to an underlying final removal order. *See* REAL ID Act, 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act...").